RRR#7022 0410 0001 0718 3631

**IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS** – 6  PM 2: 52
<u>Under Necessity</u>

NICKOYAN WALLACE[1], *In pro per*
Petitioner,

V.

STEVEN W. TOMPKINS, Sheriff for
Suffolk County House of Correction and
Nashua Street Suffolk County Jail;
ROBERT L. ULLMANN, Suffolk Superior Court Judge,
MARY K. AMES, Suffolk Superior Court Judge,
CRAIG IANNINI, ESQ., agents/employees of COMMONWEALTH (INC.)
Respondents.

No. _____

Ref. Action No. 2184CR00587[2]

**PETITION FOR WRIT OF HABEAS CORPUS**
**Pursuant to Title 28 U.S.C. § 2241(a)(3)**

The Undersigned hereby petition for a writ of habeas corpus, pursuant to Title 28 USC §

2241(a) (3), seeking relief to remedy his unlawful detention at the Suffolk County Jail at 200

Nashua Street, Boston, MA 02114, 'under color of law[3]' and 'color of process' in violation of

the Constitution and laws and treaties of the United States.

**CUSTODY**

1.      Petitioner is, and has been for the last 24 months and counting, in the physical custody of

Respondent Steven W. Tompkins, Sheriff for 'Suffolk County Sheriff's Department', under

---

1. Petitioner is not 'pro se' or colorable & is in custody under the name/profile of Nickoyan Wallace, a legal fiction.
2. In re 'Commonwealth v. Wallace, Nickoyan'.
3. See <u>United States v. Classic</u>, 313 U.S. 299 (1941), FN9, which interpreted § 242 of Title 18 of the United States Code Annotated, which made criminally punishable, "Whoever, Under color of any law … willfully subjects … any inhabitant … to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution and laws of the United States"(emphasis added.)(**"Color of law"** obviously is synonymous with **"color of authority"**)

RRR#7022 0410 0001 0718 3631

(invalid) 'Mittimus' orders of Respondents Mary K. Ames and Robert L. Ullmann, and (invalid)

'process' of Respondents Mark D. Zanini and Craig Iannini, all natural persons acting as

agents/employees of Commonwealth (Inc.) as its judicial and executive officers.

## JURISDICTION

2.      This action arises under the Constitution for the United States, the 'Moroccan-American

Treaty of Peace and Friendship of 1787', the Universal Declaration of Human Rights (adopted

and proclaimed by the UN General Assembly resolution 217 A(III) of December 1948), the

'United Nations Declaration on the Rights of Indigenous Peoples' (13 September 2007, GA Res.

61/295), the 'Declaration on the Granting of Independence to Colonial Countries and Peoples'

(UN/GA), the 'Declaration on the Principles of International Law, Friendly Relations and Co-

operation Among States in Accordance with The Charter of the United Nations', the 'American

Declaration of the Rights and Duties of Man' (O.A.S Res. XXX, adopted by the Ninth

International Conference of American States Bogota, Colombia, (1948)); the 'International

Covenant on Civil and Political Rights' (GA/Res. 2200A (XXI), 16 December 1966), -Human

Rights, Part III[4]; the 'Vienna Convention on the Law of Treaties[5]' (1969), and the 'UNCITRAL

Convention on International Bills of Exchange and Promissory Notes' of December 8, 1988

(implemented in the UNITED STATES OF AMERICA on December 1, 1994), as adopted into

the United Nations Charter by which the United States, as a member State, is bound; and,

Executive Order 13107, 63 C.F.R. 68991 (1998) (Implementation of Human Rights Treaties), the

'Foreign Sovereign Immunity Act' (FSIA), 28 U.S.C § 1602 et seq., Title 12 U.S.C. §§ 95(a)(2)

---

4. Articles 10(a), 9, ¶¶ 1 & 3, and Article 8, ¶ 1, and Articles 14(1), 3(a) and (d); Articles 24(3) and 26.
5. Entered into force on 27 January 1980, United Nations, *Treaty Series*, vol. 1155, p. 331. See the ***'LaGrand Case'***, (Germany v. United States of America, June 27, 2001) I.C.J. (International Court of Justice) Reports 2001, p. 466; quoting Article 31, ¶ 1: "a treaty must be interpreted in good faith in accordance with the ordinary meaning to be given to its terms in their context and in the light of the treaty's object and purpose"; Article 26: "Every treaty in force is binding upon the parties to it and must be performed by them in good faith"; and, Article 27: "A party may not invoke the provisions of its internal law as justification for its failure to perform a treaty." See also Articles 32 & 33.

RRR#7022 0410 0001 0718 3631

[& 95(b)] & HJR-192; the 'Truth-in-Lending Act' @Title 15 U.S.C. § 1601 et seq.; Title 18

U.S.C. §§ 2383, 2071, 2076, 1985, 1986, 1593A, 1587, 1585, 1584, 1583, 1582, 1581, 1341,

242, 241, 4 et seq.; the Uniform Commercial Code (UCC) and ORS 81.010 (per the rule of 'in

pari materia'). This Court has jurisdiction under 28 U.S.C. § 2241, Art. I, § 9, cl. 2 ("Suspension

Clause") of the Constitution for the united States of North America, as Petitioner is in custody

under color of authority of Commonwealth (Inc.) of Massachusetts and such custody is in

violation of the Constitution, laws, and treaties of the United States. This Court may grant relief

pursuant to 28 U.S.C. § 2241, and the 'All Writs Act', 28 U.S.C. § 1651.

## VENUE

3.      Venue lies in the United States District Court for the District of Massachusetts, the

judicial district in which Respondents Steven W. Tompkins, Mary K. Ames and Robert L.

Ullmann, Mark D. Zanini and Craig Iannini reside and conduct business, and where Petitioner is

unlawfully detained. 28 U.S.C. § 1391(e).

## PARTIES

4.      Petitioner is an Indigenous, Free and Sovereign Great Seal Moor[6] – of the Taino-Arawak

tribe – by Birth Right and Inheritance; United States Republic: Department of Justice: Moorish

American Credentials AA 222141 – Truth A-1. Petitioner is not a party to any contract or

commercial agreement with Respondents pledging himself and/or his personal private property

to any specified performance (conferring any right and duty) wherein there is breach giving

Respondents a 'right/cause of action'; and is not a member[7]/employee of the Commonwealth

---

6. *Moors: the Indigenous Peoples of North, South and Central Al Morocs (Americas), including the adjoining Islands.

7. As per Article I, § 2, ¶ 3 of, and § 2 of the 14th amendment to, the U.S. Constitution, Indian (Indigenous) Tribes/People, as Petitioner, are not counted as members of the several States, and have no representative(s) by which their consent is given, therein; and per the 9th and 10th amendments retains their sovereignty.

RRR#7022 0410 0001 0718 3631

who are bound to its statutory jurisdiction by consent of their constitutional representative body, and/or Oath of Office/contract; but have exercised his natural, essential and unalienable Right of 'self-determination' and 'autonomy' to wit, the right to 'self-governance' and a Nationality, i.e. to belong to his Indigenous Nation or Community (Moorish-American), and to his Indigenous name/ethnic identity ("Szyon Nkrumah, Al©"), and to determine his 'political status', as recognized and protected under Articles 2, 3, 4, 6, 8(2)(a), 9, 13(1) and 33 of the 'United Nations Declaration on the Rights of Indigenous Peoples' (13 September 2007, GA Res. 61/295), and the 'Free Moorish-American Zodiac Constitution' (Birthrights of the Moorish Americans being Ali, Bey, El, Dey and Al, Article II, ¶ 2; and, 'Resolution 75 of April 17, 1933 A.D. (Moorish-American Society of Philadelphia and the use of their names); and, the 'Declaration on the Granting of Independence to Colonial Countries and Peoples' (UN/GA) Preamble, §§ 1 & 2; and, Amendments IX & X of the U.S. Constitution; and, Article 15(1) & (2), and Article 13(1) & (2) of the 'Universal Declaration of Human Rights' – United Nations. Petitioner is also the Secured Party, Superior Claimant, Holder-in-due-Course[8], and Principal Creditor[9] and Director having a registered priority lien-hold interest[10] to all property held in the name of the Debtor/subject NICKOYAN N. WALLACE©, ens legis (a Trust[11] entity/transmitting utility), evidenced by **UCC 1 Financing Statement** #200870330850 (re-filing and amend. #201523652530, #201524205500 and 202293121710) filed with Respondents' Secretary. As such Petitioner is authorized to speak for, respond, and handle affairs (commercial or otherwise) on behalf of the purported Debtor "NICKOYAN WALLACE© in respect to the documents intended to discharge any purported debt/liability.

---

8. UCC § 3-302
9. UCC § 1-201(a)(13) **"Creditor"**
10. UCC § 1-201(a)(35) **"Security Interest"**
11. **"Cestui Que Vie Trust"** aka "Federal Municipal Trust"; Vital Statistics Chapter 2, § 7-201, ¶ 10.

RRR#7022 0410 0001 0718 3631

5.      Respondent Steven W. Tompkins is the Sheriff/custodial officer of the Suffolk County

Jail which is within the judicial district of the United States District Court (District of Mass.),

where Petitioner is being detained under commitment Orders of Respondents Mary K. Ames and

Robert L. Ullmann; and under 'process' of Mark D. Zanini and Craig Iannini.

6.      Respondents Mary K. Ames and Robert L. Ullmann are natural persons acting as

agents/employees of Commonwealth (Inc.) within the judicial district of the U.S. District Court

(District of Mass.), as its judicial officers, and who, under color of said authority, have, and

continue to, deprive Petitioner of his liberty by said commitment ("Mittimus") Orders to

Respondent Steven W. Tompkins.

7.      Respondents Mark D. Zanini and Craig Iannini are natural persons acting as

agents/employees of Commonwealth (Inc.) within the judicial district of the U.S. District Court

(District of Mass.), as its executive officers who, under 'color of process' have, and continue to,

subject Petitioner to the deprivation of rights 'under color of law'.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Petitioner has exhausted all administrative remedies to the extent required and made

available by law, as evidenced by (**a**) his 'Affidavit of Notice of Default and Agreement', with

Appendices (RRR#7011 3500 0002 0911 4790), **Agreement Number <u>A992022SNA</u>**, attached

hereto, incorporated herein by reference and made a part hereof as if fully reproduced, marked

Exhibit – "A"; and (**b**) pursuant to his 'Petition for relief pursuant to G.L. c. 211, § 3' to the

Supreme Judicial Court for Suffolk County and the SJC for the Commonwealth (SJC Rule 2:21),

invoking the Court's "Superintendence power" to "prevent and correct errors and abuses" by its

inferior judicial (and executive) officers under "exceptional circumstances"; and (**c**) per the

instruments tendered in satisfaction/Discharge of any/all purported debt/liability of

RRR#7022 0410 0001 0718 3631

'debtor/offender' NICKOYAN N. WALLACE© in the herein-above referenced action.

9.     Petitioner's only remedy is by way of this judicial action.

## STATEMENT OF FACTS

10.     Petitioner is a free sovereign Indigenous Moor who was domiciled in the Massachusetts

Republic Territory, America, in exercise of his right to "freedom of movement and residence

within the borders of each state" pursuant to Article 13(1) of the 'Universal Declaration of

Human Rights' (UN/GA Res. 217 A(III) of December 1948), at all times relative to the incidents

delineated herein-throughout.

11.     Following his unlawful (warrantless) arrest[12] and seizure of his private property on May

29, 2021, by Respondents' agents, Petitioner was charged and, on June 1, 2021, arraigned on a

criminal complaint brought by Respondent Mark Zanini (herein-after "Zanini") in behalf of the

'Commonwealth (Inc.), in the Boston Municipal Court (Inc.), Dorchester District, claiming

statutory liability against Petitioner under G.L. c. 265, § 1(first degree murder) for the shooting

death of Ivanildo Gomes Barros in Boston on May 28, 2021, and related offenses. Petitioner was

ordered held w/out bail and a 'Mittimus' order was issued by the BMC judge remanding

Petitioner to the custody of Respondent Steven Tompkins (herein-after "Sheriff Tompkins") at

the County Jail @ 200 Nashua Street, Boston, MA 02114, where he was processed/booked under

the profile WALLACE, NICKOYAN #2102260.

12.     On or about July 1, 2021, Petitioner was again compelled to appear/participate in a

"status" hearing held at BMC (Inc.) Dorchester, where Respondent took notice of an open

---

12. A more detailed account of the facts surrounding this incident is found in Petitioner's 'Affidavit of Notice of
Protest & Rescission for Fraud & Misrepresentation; Status; Rebuttal & Removal of Presumptions & Request *"Quo
Warranto"* for Proof of Claim/Jurisdiction' (which comprises the **'corpus juris'** of the **agreement #A992022SNA**
between Petitioner and Respondents) @ pp. 6-10, ¶¶ 14-15.

RRR#7022 0410 0001 0718 3631

account (case) from March of 2000 which was superseded by a "True Bill" which, itself, was "discharged" and "dismissed with prejudice" in 2015. Respondent then took leave to bring the herein-above referenced matter before a 'Grand Jury' to exact a "True Bill" (indictment) and another hearing date was set for August 16, 2021; and another 'Mittimus' order was issued remanding Petitioner back into the custody of Sheriff Tompkins @ the Nashua Street County Jail.

13.     On or about July 28, 2021, the Petitioner, *in propria persona*, filed a "Special Appearance" in BMC Dorchester, via an "Affidavit of Constructive Notice" in the nature of a 'demurrer' to, inter alia, the "legal sufficiency of process[13]" for want of jurisdiction in the court (of the 'subject-matter', the 'case', and of 'Petitioner', a Moor), and averment of the 'cause of action. See 'Affidavit of Constructive Notice'@ pp. 11-12, ¶ 16, attached hereto and incorporated herein by reference, as if fully reproduced, marked Exhibit –"B." Respondents turned a blind-'eye' and lent a deaf-'ear' to Petitioner's notice/demurrer.

14.     On August 16, 2021, another hearing was held at which Petitioner was not brought to Court, and where a continuance was granted Respondent, over objections, for 'probable cause hearing', as Respondent was seeking an indictment in Boston Superior Court (Inc.). Another 'Mittimus' was issued notwithstanding BMC district court no longer had jurisdiction over the matter since, at that juncture, the 90-day time limit in which Respondent had to either establish 'probable cause' by indictment or 'PCH' in the district court had lapsed. However, Petitioner remained in the custody of Sheriff Tompkins.

---

13. Specifically, Plaintiff (Commonwealth, Inc.) failed to state a valid 'cause of action' as a condition precedent for establishing the requisite 'standing' for invoking the court's authority; lack of a 'Delegation of Authority Order' from Congress per art. III, §§ 1 & 2 of the Constitution for the united States of America, as evidence of the Boston Municipal Court being lawfully conferred judicial authorization/jurisdiction to hear and decide cases affecting the treaty rights of Moors (as Petitioner); waiver of Petitioner's 'sovereign immunity (foreign) via consent, inter alia. Id. @ pp. 11-12, ¶ 16.

RRR#7022 0410 0001 0718 3631

15.     On or about September 28, 2021, a Boston Superior Court (Inc.) 'Grand Jury' returned a 'True Bill' of indictment claiming statutory liability under G.L. c. 265, § 1 (and other related charges) in the above-referenced action.

16.     On October 13, 2021, Petitioner was brought to Boston Superior Court (Inc.) for arraignment at which time two court officers approached Petitioner with a document titled "notice of indictment" and another – "A True Bill" seeking Petitioner's endorsement, upon which he scribed "without prejudice, UCC 1-308, 1-103," making explicit reservation of rights. Shortly after, then appointed counsel Jonathan Shapiro came to the holding cell door to inform Petitioner he would be brought before the court for the reading of the charges, at which time he will have to enter a plea. Petitioner told Shapiro that the court officers approached him with the "Indictment" seeking his signature, and that he made an explicit reservation of his rights by scribing "without prejudice, UCC 1-308, 1-103." Petitioner asked Shapiro if it was standard procedure for Respondent to seek his endorsement of the indictment after making it via the "Grand Jury" as matter of presumed right, to which Shapiro shrugged his shoulders in a show of indifference (avoiding answering the question). Petitioner then told Shapiro he wanted to address the court in order to assert his treaty rights and his 'status', but Shapiro adamantly protested against Petitioner doing so, warning that it would harm him to do so; to "just say not guilty and all your rights will be preserved." Petitioner relied on Shapiro's assurance, and after the arraignment Respondent denied bail without prejudice and issued a 'Mittimus' order remanding Petitioner to the custody of Sheriff Tompkins @ the Nashua Street County Jail.

17.     From October 13, 2021 to July 14, 2022, several "notice of discovery" were filed by Respondent, but relative to the factual allegations only. No averment of jurisdiction (of the subject-matter, the 'case', or of Petitioner; or 'cause of action'), nor any discussions concerning

RRR#7022 0410 0001 0718 3631

Petitioner's treaty Rights relative to his status; just several hearings held via zoom where Petitioner was compelled to appear in the person/profile of the putative debtor/defendant NICKOYAN WALLACE©, with Shapiro – holding the colorable posture of attorney of record – and Respondent present discussing discovery, protective orders, and certificates of compliance, etc.

18.     On May 27, 2022, Respondent falsely imprisoned Petitioner at the Suffolk County House of Correction at "South Bay" @ 20 Bradston Street, Boston, MA 02118, (under color of law: G.L. c. 276, § 52A) without Petitioner being duly convicted of any crime, where he was itemized and booked under Account #2202966.

19.     On August 17, 2022, Petitioner was, per Respondents' request/order, discharged from the Suffolk County House of Correction -"South Bay" and remanded back to the Suffolk County Jail @ 200 Nashua Street where he remains to date in the custody of Sheriff Tompkins.

20.     Over the course of the afore-stated time-periods, several verbal exchanges between Petitioner and Shapiro, and some research on Petitioner's own initiative, revealed that a conflict of interest inherent in Shapiro's status as an officer of the court was responsible for Shapiro's misleading counsel at the arraignment and throughout the proceedings, i.e. Shapiro's refusal to assert Petitioner's treaty rights and counseling him against it in order to avoid challenging the court's authority in conflict with Shapiro's fealty[14] to the court, which is just one, but a crucial, instance of the fraud and misrepresentation on Shapiro's part, and for which Petitioner executed a 'notice' directing Shapiro to 'withdraw/conflict out' for 'fraud and misrepresentation', filed on September 6, 2022. See 'Notice to Rescind/Withdraw for Fraud and Misrepresentation' attached hereto, and incorporated herein by reference as if fully reproduced, marked Exhibit –"C."

---

14.  **Volume 7 Corpus Juris Secundum §§ 2, 3 & 4** ("attorneys are officers of the Court and their first duty /obligation is to the court and the public, not his client"; and whenever the duties to his client conflict with those he owes as an officer of the court in the administration of justice, the former must yield to the latter").

RRR#7022 0410 0001 0718 3631

21.     On or about September 9, 2022, Petitioner, *in propria persona*, filed a demurrer via 'Affidavit[15]' (Tracking RRR#7011 0002 3500 0911 4769) challenging, inter alia[16], the validity of Respondents' claim of 'Right of Action' ("standing") as **"Colorable,"** and of 'Judicial Authority and Jurisdiction' as lacking, turning the issue from one of 'fact' to one of 'law,' and requested per writ of *"Quo Warranto"* (in the nature of a ***'Bill of Particulars/Discovery'***) that – as a condition precedent to proceeding – Respondent provide: (a) Proof of claim i.e., the facts from which the 'right of action' emanates in accordance with Petitioner's 'due process' right (6th amend. U.S. Const.) to "fair Notice of the <u>nature</u> and <u>cause</u>" of the action "showing that [Respondent] is entitled to relief," <u>Conley v. Gibson</u>, 355 U.S. 41, as it is well established that [Respondent] must state "something more than [factual allegations] that merely creates suspicion of a legally cognizable right of action," <u>Swierkiewicz v. Sorema</u> *N.A.*, 534 U.S. 506, fn1; and also as per <u>Connally v. General Const. Co.</u>, 269 U.S. 385 ("Notice and opportunity to defend are essential elements of 'due process' of law"); **See Affidavit of Notice @ ¶ 24(ii) & (iii)**; and, (b) the 'Delegation of Authority Order' (**DOAO**) from Congress per Article III, §§ 1 & 2 of the Constitution for the United States of North America, as evidence of Respondents being lawfully conferred 'judicial authority and jurisdiction' to hear and decide cases affecting the 'Treaty Rights of Moors (as Petitioner), in conformity with 'due process' as per Article 20 & 21 of the "Moroccan-American Treaty of Peace and Friendship of 1787" (made per authority of the united States[17]) cases of the instant nature involving a Moor must be tried by the Law of the

---

15. "Affidavit of Notice of Protest & Rescission for Fraud & Misrepresentation; Status; Rebuttal & Removal of Presumptions & Request *"Quo Warranto"* for Proof of Claim/Judicial authority & jurisdiction", inter alia., wherein Petitioner rescinded the "not guilty" plea and, without admitting/denying the "factual allegations, objected to the legal sufficiency of Respondents' "process/claim."

16. e.g., (i) the "unlawful arrest/seizure of Petitioner and His property without a "certified copy of the lawful arrest/seizure warrant signed/issued by a '**de jure**' art. III judicial officer in accordance with the 4th amend. To the U.S. Constitution; (ii) misrepresentation of Petitioner's true identity/status, i.e., his Indigenous (Moorish) name/nationality as per his rights as declared, affirmed and protected by the U.S. Constitution, International Law and Treaties.

17. To which the [Commonwealth (Plaintiff) of] Massachusetts was/is a party to the "Mutuality of Concessions" at the Constitutional Convention for the Ratification of States to the United States of America.

Country, in a Consular Justice Court, and with Consular assistance; said provisions being enshrined in Article III, § 2 of the U.S. Const.(1791), and enforced per the "Supremacy Clause" of Article VI which Declares "Treaties" the "Supreme Law of the Land," and binding upon the Judges in every State, "any Thing in the Constitution or Laws of any State to the Contrary notwithstanding"; **See Affidavit of Notice @ ¶ 24(i)**; and, (c) proof of claim of 'statutory liability' via 'waiver' of Petitioner's sovereign immunity (foreign) i.e., proof of Ratification of the Convention of the Legislature of the Commonwealth (Inc.)/Respondent for the enactment of statutes (as charged) to which Petitioner, a un-enfranchised nonparticipant, gave consent via said Constitutional Representative[18] Body; **See Affidavit of Notice @ ¶ 24(iii)**; and, (d) Evidence to support Petitioner's unlawful arrest and seizure of his property, i.e. a certified copy of the alleged lawful arrest and seizure warrant signed/issued by a 'de jure' Article III judicial officer, which orders Petitioner's lawful arrest and seizure of his property in accordance with the 4th Amendment to the Constitution for the United States of North America. **See Affidavit of Notice @ ¶ 24(iv),** attached hereto and incorporated herein by reference as if fully reproduced, marked Exhibit – "D."

22.     Respondent had a binding 'legal duty' corresponding to Petitioner's rights to provide said 'proofs' within three[19] (3) days from receipt of the request, in conformity with 'due process,' otherwise dismissal with prejudice for lack of jurisdiction[20], inter alia. See **Id. @ ¶ 25**.

23.     Respondents failed or otherwise refused or neglected the 'duty' to respond with said proofs in violation of Petitioner's 'due process rights'.

---

18. Reference **FN7**.
19. The time constraints were such here because at the time the demurrer was filed approximately 16 months had lapsed without the requested evidence, which were/are "conditions precedent" to be established before proceeding in the matter in conformity with 'due process', being proved to exists.
20. As the deprivation of Petitioner's liberty (and property) in the absence of said evidence amounted to (i) conspiracy against rights (18 USC § 241); (ii) deprivation of rights under color of law (18 USC § 242); (iii) denationalization under the "Black Code"; (iv) kidnapping; (v) hostage holding; (vi) human trafficking and slavery; (vii) unlawful imprisonment; (viii) false identity; (ix) theft; (x) slander; (xi) fraud in the inducement; and (xii) denial of Consular assistance in violation of treaty (human) rights and obligations, etc.

RRR#7022 0410 0001 0718 3631

24.      On September 20, 2022, a status hearing was held where Respondent diverted attention

from Petitioner's "demurrer/request for proof" and took notice of his 'Notice to withdraw'

('conflict out') for 'fraud and misrepresentation' addressed to Shapiro, construing it as a 'motion

to remove and replace counsel' to which Petitioner objected clarifying for the record that he did

not file any such motion; that he gave a directive; that he is appearing "specially" – 'in propria

persona'("in Full Life[21]"). Respondent then attempted to force Petitioner into a representative

(colorable) capacity by suggesting on record that he is re-presenting himself 'pro se' over his

objection; and  Petitioner refused for cause all/any offers to 'proceed' and "re-present" 'himself'

"pro se", or to accept appointed counsel (stand-by or otherwise) as an invitation to commit,

and/or participate in, fraud, forced assimilation/integration, and inducement to "waive" his

rights, privileges and immunities afforded him as a result of his status as an Indigenous, Free

Sovereign Great Seal Moor and legally in force by International and Federal Law. Petitioner

asked if Respondent received his 'Affidavit' to which Respondent affirmed but admitted not

reading it in its entirety, and stated: "I'll read it and address it." Respondent then set a "colloquy"

for November 3, 2022, and issued another 'Mittimus' order remanding Petitioner back into the

custody of Sheriff Tompkins.

25.      On October 18, 2022, Petitioner sent a "Notice of Default and Opportunity to Cure"

(Tracking RRR#7011 3500 0002 0911 4783) to Respondent giving Notice of Respondent's

default in neglecting the 'duty' to respond to his request, per *Writ of Quo Warranto*,' for

'proof' of claim'(*discovery*) of 'right of action ("standing") and 'judicial authority/jurisdiction,'

by providing said 'proofs' within three (3) days from receipt of the request – as conditions

---

21. <u>Sui Juris</u> (Lat.): of his own Right; possessing full social and civil rights; not under any legal disability, or the power of another, or guardianship; having capacity to manage his own affairs and enjoying private law rights. **Black's Law 5th ed. p.754**. See also *'pro per'*, *'pro persona'*, adv., & adj.; as opposed to 'Pro Se', which denotes 'color or appearance of status/person' and renders one "<u>Civiliter Mortuus</u>", meaning: *"civilly dead in the view of the law; without civil rights and capacities"* (e.g. Black, Negro, Colored, Latino, Minority, Artificial person, etc.)

precedent to proceeding – otherwise dismissal with prejudice for lack of jurisdiction, and failure to state a claim, *inter alia*.

26.     In said 'Notice' it was stipulated that: (i) by Petitioner's 'demurrer' to the validity of Respondent's claim of 'right of action' as **"colorable"** (invalid), and 'judicial authority and jurisdiction' as lacking, via Affidavit, the issue turned from one of 'fact' to one of 'law[22]' and, (ii) Therefore Respondent was duty bound, under obligation of office and law, to provide the requested evidence, as a condition precedent to proceeding, and by neglect of said duty have violated 'due 'process' and substantiated Petitioner's demurrer (averments), by silent acquiescence, and thereby tacit agreement, that **"no such evidence exists"** and, (iii) That by proceeding notwithstanding Respondent is knowingly, willfully and intentionally subjecting Petitioner to the "deprivation of Rights, Privileges and Immunities, secured and protected by the Constitution and laws of the United States, under color of law" (and process); and, (iv) that as Petitioner's un-rebutted/unopposed 'Affidavit' stands conceded[23] as the Truth, and thus Judgment, discharge/dismissal with prejudice is warranted, for lack of judicial authority and jurisdiction, failure to state a claim, and unlawful arrest and imprisonment; and that, (v) The assessed damages against Respondent for (injury)[24] the violation/deprivation of Petitioner's

---

22. See <u>Rosemand v. Southern Ry</u>, 44 S.E. 574, 66 S.C. 91 (1903), quoting **Pom. Code Rem. § 519**: "Every 'action' is based upon some primary 'right' held by the Plaintiff and upon a 'duty' resting upon the defendant corresponding to such right. By means of a wrongful act or omission of the defendant, this primary 'right' and this 'duty' are invaded and broken; and there immediately arises from the 'breach' a new 'remedial right' of the Plaintiff, and a new 'remedial duty' of the defendant. Finally, such remedial right and duty are consummated and satisfied by the remedy, which is obtained through means of the 'action', and which is its object"; and **§ 520**: "The first of these branches must always, from the nature of the case, be a conclusion of law. <u>The law, by its commands, creates a rule applicable to certain facts and circumstances, by the operation of which, when these facts and circumstances exist, a right arises, and is held by the Plaintiff, and a corresponding duty arises and devolves upon the defendant. *** This first factor of the "cause of action" is therefore always a conclusion or proposition of law</u>, and results from the command of the supreme power in the state as its cause."

23. See <u>Benedict v. Super Bakery</u>, Inc., 665 F. 3rd 1263 (2011) ("When a party fails to file [an opposition] to [a demurrer by affidavit], the [affidavit is] treated as conceded").

24. <u>Title 42 U.S.C. § 1983</u> provides: **"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …";** and, per **'Stare  Decisis'** in <u>United States v. Classic</u>, 313 U.S. 299 (1941), FN9, which interpreted § 242 of Title  18 of the United States Code

rights, privileges, and immunities under color of law (process) is summed at $37, 505, 000.00, said sum total to be assessed against Respondent "**per diem**" for each day Respondent continues to so deprive Petitioner of his rights, privileges, and immunities, under color of law.

27.    In said 'Notice' Petitioner offered to excuse Respondent's default as a 'good-faith-mistake' conditioned upon Respondent providing the requested evidence as 'proof' of 'standing' (valid claim of 'right of action'), judicial authority/jurisdiction (DOAO) – as a condition precedent to proceeding – within a non-negotiable three (3) day 'grace period' from receipt of said 'Notice'; and requesting that Respondent send a copy of the response to Petitioner's "**mail escrow agent**" c/o *Stephanie Wallace, 255 Blue Hills Pkwy, Milton, MA 02186.*

28.    It was further stipulated by CAVEAT that failure of Respondent to 'Cure fault' will result in a 'default judgment' against Respondent, and an 'Affidavit re Default and Agreement[25]' being established upon the public and private records whereby Respondent will have 'agreed', by silent acquiescence, and thereby tacit agreement, that: (a) Respondent has <u>no valid</u> claim of 'right' or 'cause of action' ("standing"); and, (b) Judicial authority/jurisdiction is lacking; and, (c) Petitioner's arrest, seizure of his property, and imprisonment at the 'South Bay' Suffolk County House of Correction and the Nashua Street jail for the last 27 months (and counting) was/is unlawful; and therefore, (d) discharge/dismissal of the proceeding under account (case) No. 2184CR00587, with prejudice, is petitioner's rightful remedy, as a matter of Law and Equity; and thus, (e) by proceeding notwithstanding Respondent is knowingly, willfully, and

---

Annotated, which made criminally punishable, "**Whoever, Under color of any law ... willfully subjects ... any inhabitant ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution and laws of the United States**"(emphasis added.)("Color of law" obviously is synonymous with color of authority); and, also § 1981"<u>Equal rights under the law</u>" (a) Statement of equal rights, (b) "Make and enforce contracts" defined, and (c) Protection against impairment; and, per the 'Universal Declaration of Human Rights' (UN/GA), <u>Article 8</u>: "**Everyone has the right to an effective remedy by the competent national tribunals for acts violating the fundamental rights granted him by the Constitution or by law**";
25. Such 'Affidavit of Notice of Default and Agreement' titled **Agreement #A992022SNA, @ pp. 3-4** has been established.

RRR#7022 0410 0001 0718 3631

intentionally subjecting Petitioner to the deprivation of rights, privileges, and immunities secured
and protected by the Constitution and laws of the United States … under color of law (and color
of process). See 'Notice of Default and Opportunity to Cure re Affidavit of Notice', @ pp. 2-4,
¶¶ 1-5; attached hereto and incorporated herein by reference as if fully reproduced, marked
Exhibit –"E."

30.     At a November 3, 2022 hearing Respondent again attempted to force Petitioner into a
colorable "re-presentative" status relabeling his affidavit(s) and notice(s) as "pro se filings," to
which he objected. For the record Petitioner stated his status and asserted his "Treaty" rights
secured and protected by the Constitution and laws of the United States. In support thereof,
petitioner handed Respondent an excerpt of the treaty document containing the relevant
provisions (Arts. 20 and 21)[26] which unambiguously states: *"If a Citizen of the United States
shall kill or wound a Moor, or on the contrary if a Moor shall kill or wound a Citizen of the
United States, the Law of the Country shall take place & equal Justice shall be rendered the
Consul assisting at the trial…"* Respondent tried persuading Petitioner that Respondent is a court
of the Country to which Petitioner rebutted that Respondent is not a court of the Country within
the meaning of Article III[27] of the Constitution for the United States and Article 21 of said treaty.
Respondent then advised Petitioner that he can apply to the U.S. District Court, but that because
of the "serious charge(s)" Respondent is not just going to let him walk out back onto the streets.

---

26. Petitioner also handed the Respondent a copy of the 'Free Moors Sundry Act of 1790'.
27. per Article III, §§1 & 2, "the U.S. Justice Courts retain jurisdiction over cases involving "treaties made under the
authority of the United States"; and, the 'Moroccan-American Treaty of Peace and Friendship of 1787' (between the
Moorish Nation and the United States) is such a 'treaty', and per the 'Supremacy' clause of Article VI of the
Constitution for the United States of North America, "Treaties are the Supreme Law of the Land, and the Judges in
every State are bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding";
and per 'Stare Decisis' in Kolovrat v. Oregon, 366 U.S. 787 (1981), "A State cannot refuse to afford foreign
nationals their treaty rights because of fear that valid international agreements may not work completely to the
satisfaction of State authorities. Under the 'Supremacy clause' of the U.S. Constitution Article VI, cl.2, State
policies as to the rights of foreign nationals must give way to overriding federal treaties and conflicting agreements."

RRR#7022 0410 0001 0718 3631

Respondent finally gave Petitioner the ultimatum of "pleading guilty" or "go to trial," and when Petitioner retorted that Respondent was not honoring his treaty rights Respondent left the bench. Petitioner then stated for the record that Respondent has left the bench, and that there was no court of competent jurisdiction… but Respondent muted Petitioner to avoid getting it on record. No date was set for any future hearing, nor did Respondent answer Petitioner's demurrer and requests. Petitioner was then transported back into the custody of Sheriff Tompkins at the Nashua street jail.

31.     About a week-and-half later Petitioner was visited by an attorney[28] unknown to him stating he was "here to talk about stand-by counsel." Petitioner asked the gentleman if he had a contract with him, and he responded "no, but you don't need a contract to just talk," at which time Petitioner refused consent, and the gentleman left.

32.     On December 6, 2022, a hearing was held where Respondent, after construing Petitioner's 'Notice of Default and Opportunity to Cure re Affidavit – Writ of Quo Warranto re Proof of Claim/jurisdiction' as a 'motion to dismiss', entered an order of denial without placing the requested proofs into the record, thus conferring jurisdiction where none is proved to exist. Petitioner voiced his intent to appeal Respondent's invalid order. Respondent went on record misrepresenting Petitioner's status as "proceeding pro se" in order to perpetrate a 'legal fiction', and appointed "stand-by counsel" and entered into an agreement about further proceedings set for February 7, 2023 over petitioner's objections. Respondent then made false misrepresentations about full compliance with 'discovery' obligations knowing the opposite to be true. Respondent then, by 'Mittimus', remanded Petitioner back to the custody of Sheriff Tompkins at the Nashua Street Jail.

---

28. This person was later identified as Paul J. Davenport, Esq., appointed by Respondent without Petitioner's consent.

RRR#7022 0410 0001 0718 3631

33.      Petitioner filed a notice of appeal with Respondent and on December 27, 2022, sought 'interlocutory review of Respondent's invalid judgment/order by Petition to the Supreme Judicial Court for Suffolk County pursuant to G.L. c. 211, § 3, invoking the court's "Superintendence power" to "correct and prevent errors and abuses" by its inferior officers. On February 3, 2023, the appeal was docketed as No. SJ-2023-0051.

34.      On February 7, 2023, another hearing was held where Respondent addressed a notice Petitioner filed for "assembly of Record" for appeal of Respondent's invalid memo./order. Petitioner attached his 'Affidavit of Notice of Default and Agreement' (Agreement # A992022SNA), and 'Affidavit of Notice of Understanding, Intent and Claim of Right', to be included among the record for appeal. Respondent continued to misrepresent Petitioner's status as "pro se" and had "stand-by counsel" (Paul Davenport) present over Petitioner's objections/assertions of his treaty rights to Consular assistance in a (Article III/Consular) court with power to decide the case.  Respondent set another date for March 28, 2023, and issued another 'Mittimus' order remanding Petitioner back into the custody of Sheriff Tompkins.

35.      In a judgment/order dated February 15, 2023, a single justice, Kafker, J., denied, "without hearing," the Petition holding that "it is well established that an indictment or criminal complaint cannot be appealed as a matter of right until after trial, and that a petition for extraordinary relief under G. L. c. 211, § 3, absent a double jeopardy claim of substantial merit, cannot be used to circumvent this rule" (citing Quigley v. Commonwealth, 480 Mass. 1026 (2018); Pfeiffer v. Commonwealth, 466 Mass. 1032 (2013)); that "[t]he remedy in the normal appellate process is adequate." See Judgment/order attached marked Exhibit-"F."

36.      On March 6, 2023, Respondent received and docketed Petitioner's 'Notice of Intent to Sue' dated February 15, 2023. See 'Notice' attached marked Exhibit-"G."

37.      On or about February 23, 2023, Petitioner appealed to the Full Supreme Judicial Court

RRR#7022 0410 0001 0718 3631

pursuant to SJC Rule 2:21 the single Justice's judgment/order denying, without hearing, his

petition for interlocutory review, which was docketed as No. SJC-13401[29]. On or about March 7,

2023, Petitioner filed a 'Memorandum of Law' in support of said appeal, and on April 10, 2023,

Petitioner filed a 'Supplemental Memorandum of Law' to the aforesaid Memorandum. See

'Memorandums' attached hereto and incorporated herein by reference as if fully reproduced,

marked Exhibit-"H." In a judgment dated May 25, 2023, the SJC affirmed the single justice's

denial of review.

38.     On or about March 28, 2023, Petitioner filed, and Respondent received and recorded, his

'Notice[30] of Re-Assertion of Rights, Objections; Rebuttal/Removal of Presumptions & Final

Request for 'Delegation of Authority Order' from Congress per Article III, §§ 1 & 2 of the U.S.

Constitution, as Evidence of Judicial Authority/Jurisdiction being Lawfully Conferred upon the

Boston Superior Court (Inc.) to Hear and Decide Cases affecting the Treaty Rights of Moors (as

Petitioner) as a condition precedent to proceeding, otherwise dismissal with prejudice for lack

thereof, constituting agreement',  wherein Petitioner conditionally accepted Respondent's

presumption of authority/jurisdiction, and claim of right of action (liability for redress)

predicated upon Respondent providing the requested proofs of the aforesaid. See 'Notice of Re-

Assertion of Rights' attached hereto and incorporated herein by reference as if fully reproduced,

marked Exhibit-"I."

39.     Another status hearing was held on March 28, 2023, where Respondent, while

---

29. Respondent appears to have erroneously reference this appeal as No. SJ-2023-0051; See docket entry 31.
30. Petitioner asserted his treaty rights to a fair hearing before an Article III/Consular court with the power to decide the case, with Consular assistance, and notice of the 'cause of action'; and objected to Respondent's fraudulent and continual misrepresentations of his status as '"pro se" in order to perpetrate the fraud that Petitioner has elected to represent himself and proceed under the authority of Respondent in waiver of his due process rights as aforesaid; and the fraudulent appointment of 'stand-by counsel' over the assertion of his treaty rights to Consular assistance, as well as rebuttal/removal of all other false presumptions/pretenses under which Respondent has been, and, continue to proceed.

acknowledging receipt of Petitioner's 'Notice of Re-Assertion of Rights', declined to hear it, and instead acknowledged the dismissal/withdrawing of Respondent Mark Zanini from the case and the addition of Respondent Craig Iannini as successor. Over Petitioner's objection Respondent took leave to get up to speed with the case in preparation for trial notwithstanding Respondent having no entitlement to try the case to a jury as of right, as, heretofore, Respondent has failed to provide any evidence demonstrative of such right, or of the authority to decide the case in conformity with due process, and in response to Petitioner's demurrer (averments) that no such evidence exists. Respondent set another date for May 18, 2023, and another 'Mittimus' issued remanding Petitioner back into the custody of Sheriff Tompkins at the Nashua Street jail.

40.      On May 9, 2023, after establishing an agreement between himself and Respondent upon the demurrer that Respondent has no valid 'cause of action' and therefore lacks 'standing' and thus 'subject-matter jurisdiction' (as well as authority of the case and Petitioner), and Respondent's failure to challenge the demurrer, out of legal duty and good faith, by providing the requested 'proof of claim'; and by neglect of said duty have violated 'due process' and substantiated the demurrer (averments) by silent acquiescence, and thereby tacit agreement, that "no such evidence exists", Petitioner, in exercise of his right to 'remedy', therefore, tendered to Respondents instruments[31] for discharge (with prejudice) of the charges and release of the detainers of NICKOYAN WALLACE© based on "insufficiency of process" as aforesaid. Said instruments was received by Respondent on or about May 11, 2023, and, upon acceptance, Respondents were duty bound to discharge/terminate the proceedings (with prejudice), or Respondents will have breached the agreement and commit various violations of Federal and State law. See 'Notice of Acceptance for Value and Return for Discharge' – 'Request for

---

31. Notice of Acceptance for Value and Return for Discharge (in the nature of plea of Confession and Avoidance) RRR #7022 0410 0001 0718 3259, w/attachments, for failure to state a claim upon which relief may be granted ("insufficiency of process"), inter alia.

Settlement and Closure' w/attachments, attached hereto and incorporated herein by reference as if fully reproduced, marked Exhibit-"J."

41.    On May 18, 2023, a hearing was held at which Respondent, after having received and accepted the instruments tendered for discharge, failed or refused to perform in accordance with the agreement and 'public policy'; and instead diverted attention to information (Boston EMS Records) regarding the 'factual allegations' Respondent gave to 'stand-by' counsel to avoid communicating directly with Petitioner. Petitioner objected that he is not a party to any agreement between Respondent and 'stand-by' counsel, and that such party is not authorized to speak/act in Petitioner's behalf in any capacity; and so Petitioner refused to participate in the transaction. Respondent then resorted to intimidation and oppressive tactics, threatening to remove Petitioner for being disruptive because he asserted his rights, and that Petitioner will be watching the proceedings via zoom. Respondents and 'stand-by' counsel then discussed among themselves a time for trial, "late September or early next year." Respondent then left the bench while saying "you will receive notice of your next court date." Another 'Mittimus' was issued and Petitioner was remanded back to the custody of Sheriff Tompkins at the Nashua Street Jail.

42.    On May 23, 2023, Petitioner received, at the Nashua street jail, a letter addressed to NICKOYAN WALLACE© form Paul Davenport, giving notice of "final pre-trial" and "trial" dates of January 9, 2024 and January 23, 2024, by order of Respondent notwithstanding Petitioner's 'Acceptance for Value' of Respondents' presentments/offer(s) ("True Bill"-indictment) and 'Return for Discharge' as remedy based on "insufficiency of process" for want of authority/jurisdiction, failure to state a (valid) 'cause of action', and unlawful arrest and imprisonment, inter alia; and upon which Respondent (by agreement and law) has a binding

(legal) duty of performance, and is not entitled to proceed as of right.[32]

43.    On May 25, 2023, Petitioner served upon Respondents, via first class mail (RRR #7022 0410 0001 0718 3242), a 'Notice of Default and Opportunity to Cure Acceptance for Value of Dishonor, Second Request for Settlement and Closure or Remedy' re Respondents' failure to perform in accordance with 'Public Policy' (and per agreement) upon receipt of the instruments tendered in exchange for discharge of the public charges at the termination of the proceedings via Petitioner's 'Acceptance for Value and Return for Discharge, Settlement and Closure of the account(s) as afore-stated @ ¶ 42. See said 'Notice' attached hereto and incorporated herein by reference as if fully reproduced, marked Exhibit-"K." Respondents had five (5) days from receipt of said 'Notice' to cure Respondents' 'fault' and 'dishonor' by performance as requested (***and required by law***) or agree to be bound to the terms and conditions for remedy as disclosed therein, where Respondents' 'failure' "will evidence Respondents' willful and intentional volition to act outside the scope of Official duties in violation of Respondents' fidelity and Oath of Office Contract, absent the mantle of official (judicial) immunity."

44.    On or about May 29, 2023, Respondents received Petitioner's 'Notice' (id. @ ¶ 43) but elected to remain in 'default' and 'dishonor' by Respondents' non-performance (***contrary to law***), and, by proceeding notwithstanding, is thus, knowingly, willfully and intentionally acting outside the scope of Official[33] duties to the injury of Petitioner in his person/rights to wit:

---

32. As there is no issue of material fact in dispute as Petitioner, by his "Acceptance," has eliminated any controversy in the matter, rendering the proceedings moot. See **Doctrine of Mootness:** The 'doctrine of mootness' holds that "[a] case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." Crest Pontiac Cadillac, Inc. v. Hadley, 239 Conn. 437, 439 n.3, 685 A. 2nd 670 (1996). "The 'doctrine of mootness' holds that before a claimed controversy is entitled to adjudication on the merits, it <u>must</u> be demonstrated that an actual controversy exists." Department of Public Safety v. Freedom of Information Commission, 930 A.2nd 739, 742 (Conn. App. 2007) (Gruendel, J.) compare Uzuegbunam v. Preczewski, 141 S. Ct. 792 (2001) ("doctrine of 'standing' generally assesses whether that [personal] interest exists at the outset, while 'doctrine of mootness' considers whether it exists throughout the proceedings").

33. Said acts being deemed *"Coram non judice."* See **Coram non judice:** In the presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be ***"coram non judice,"*** and the judgment is void. See Manufacturing Co. v. Holt, 51 W. Va. 352, 41 S.E. 351. See also ***'Void judgment'***, (18c); **Black's Law**, 5th pocket ed. @ p. 436.

RRR#7022 0410 0001 0718 3631

"deprivation of rights, privileges and immunities secured and protected by the Constitution and laws and treaties of the United States ... under color of law" (and process).

45.     Thus, Respondents acts/omissions in continually detaining Petitioner as afore-stated (@ ¶¶ 1 - 44), is capricious and arbitrary and is not legally justifiable, rising to the level of criminal culpability; and the interest of justice and equity now prays the power of this Court to lift the undue restraints upon Petitioner's liberty, therefore.

## CLAIMS FOR RELIEF

## COUNT ONE
## CONSTITUTIONAL CLAIM

46.     Petitioner alleges, and incorporates by reference ¶¶ 1 through 45 above, that his detention violates his rights to substantive and procedural due process guaranteed by the 5th Amendment (and 4th, 6th, 8th, 10th, 13th & 14th amends.; and art. VI, c. 1, 2 & 3; art. IV, §§ 1 & 4; art. III, §§ 1 & 2; art. I, § 2, ¶ 3, and § 10, and § 2 of the 14th amend.) to the U.S. Constitution.

## COUNT TWO
## STATUTORY CLAIM

47.     Petitioner alleges, and incorporates by reference ¶¶ 1 through 46, that his detention violates Title 12 U.S.C. §§ 95(a)(2) [& 95(b)] & HJR-192; the 'Truth-in-Lending Act' @Title 15 U.S.C. § 1601 et seq.; the 'Foreign Sovereign Immunity Act' (FSIA), 28 U.S.C §§1330(a, b), 1602 et seq.; UCC §§ 1-103, 1-104, 1-308, 10-104, 1-201(4)(28)(30), 3-103(a)(6), 3-104(a)(b) and §§ 3-310(b), 3-311, 3-419, 1-209.9[34], and 3-603; and ORS 81.010[35] (per the rule of *in pari materia*'); and, Title 18 U.S.C. §§ 2383, 2071, 2076, 1985, 1986, 1593A, 1587, 1585, 1584,

---

34. Timely to "**remedy** and **recourse**."
35. **ORS 81.010:** "effect of unaccepted offer in writing to pay or deliver an offer in writing to pay a particular sum of money or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender of the money or instrument or property." Compare e.g., UCC § 3-603.

1583, 1582, 1581, 1341, 242, 241, 4 et seq.; the 'Derelict Official Act (sec. 10204, R.S. Mo. 1909) – *in pari materia*; the 'Free Moors Sundry Act of 1790' and the Constitution.

## COUNT THREE
## TREATY RIGHTS/OBLIGATIONS VIOLATION

48.     Petitioner alleges, and incorporates by reference ¶¶ 1 through 47, that his detention violates Articles 26-31 of the 'Vienna Convention on the Law of Treaties[36]'(1969); the 'Moroccan-American Treaty of Peace and Friendship of 1787' Articles 4, 7, 19, 20 & 21; the 'United Nations Declaration on the Rights of Indigenous Peoples' (13 September 2007, GA Res. 61/295) Articles 2, 3, 4, 6, 8(2)(a), 9, 13(1), 18, 33 and 37; the 'Universal Declaration of Human Rights' (UN/GA) Articles 3, 4, 5, 6, 8, 9, 10, 13(1) & (2) and 15(1) & (2); the 'American Declaration of the Rights and Duties of Man' (O.A.S Res. XXX, adopted by the Ninth International Conference of American States Bogota, Colombia (1948)) Articles V, XVII and XXVI; the 'Declaration on the Granting of Independence to Colonial Countries and Peoples' (UN/GA) Preamble, §§ 1 & 2; the 'International Covenant on Civil and Political Rights' (GA/Res. 2200A (XXI), 16 December 1966), -Human Rights, Part III, Articles 10(a), 9, ¶¶ 1 & 3, and Articles 8, ¶ 1, 14(1), 3(a) and (d), 24(3) and 26; the 'UNCITRAL Convention on International Bills of Exchange and Promissory Notes' of December 8, 1988 (implemented in the UNITED STATES OF AMERICA on December 1, 1994); the 'Declaration on the Principles of International Law, Friendly Relations and Co-operation Among States in Accordance with The Charter of the United Nations'; and 'Executive Order 13107', 63 C.F.R. 68991 (1998)

---

36. Entered into force on 27 January 1980, United Nations, *Treaty Series*, vol. 1155, p. 331. See the *'LaGrand Case'*, (Germany v. United States of America, June 27, 2001) I.C.J. (International Court of Justice) Reports 2001, p. 466; quoting Article 31, ¶ 1: "a treaty must be interpreted in good faith in accordance with the ordinary meaning to be given to its terms in their context and in the light of the treaty's object and purpose"; Article 26: "Every treaty in force is binding upon the parties to it and must be performed by them in good faith"; and, Article 27: "A party may not invoke the provisions of its internal law as justification for its failure to perform a treaty." See also Articles 32 & 33. And *"no State can, by any tribunal or representative, render nugatory a provision of the Supreme Law"* Thompson v. Whitman, 18 Wall. 457, 458; ref. art. VI ("Supremacy clause"), U.S. Const.

RRR#7022 0410 0001 0718 3631

(Implementation of Human Rights Treaties) §§ 1, 2, 3, and 4, and the Constitution.

## COUNT FOUR
## MAXIMS, CANONS, AND DOCTRINES OF LAW

49.      Petitioner alleges, and incorporates by reference ¶¶ 1 through 48, that his detention

violates the following maxims, doctrines, canons and principles of law: 'due process, good faith,

equity, 'even-handed', accord and satisfaction, acquittance, "*ubi jus, ibi remedium*[37]," 'extra-

territoriality canon', 'artificial-person canon', fraud in the inducement, silent acquiescence,

estoppel, estoppel by acquiescence, tacit agreement, judicial estoppel, estoppel by agreement,

default judgment, void proceeding, void judgment, '*coram non judice*', stare decisis, '*Pacta sunt*

*servanda*', non-assumpsit, supremacy-of-text principle ("four-corner" rule), presumption against

waiver of sovereign immunity[38], presumption against implied right of action, standing[39],

mootness, super-precedent[40]; and, "Truth is sovereign. Truth is expressed via affidavit. An

affidavit can only be rebutted via affidavit point-for-point. A un-rebutted affidavit stands as the

truth, and thus judgment; and he who leave the field of battle first loses by default"; and the

Constitution and laws and treaties of the United States relative thereto.

## COUNT FIVE
## SCRIPTURAL INJUNCTION

50.      Petitioner alleges, and incorporates by reference ¶¶ 1 through 49, that his detention

---

37. The principle that where one's right is invaded or destroyed, the law gives a remedy to protect it or damages for its loss … **Marbury v. Madison**, 5 U.S. 137 (1803) ("every right when withheld, must have a remedy, and every injury its proper redress")
38. The doctrine that a statute does not waive sovereign immunity and a federal statute does not eliminate state sovereign immunity, unless that disposition is unequivocally clear. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) (***In order for a sovereign to be bound by a statute, the sovereign must be specifically named***"); and United States v. United States Fidelity & Guaranty Co., 309 U.S. 506 (1940), *"it is inherent in the nature of 'sovereignty' not to be amenable to suit without consent"*; and, Abate v. Fremont Inv. & Loan, 470 Mass. 821 (2015), *"Sovereign immunity bars statutory claims and thus court lacks subject-matter-jurisdiction"*; and, Cruden v. Neale, 2 N.C. 338 (1796) 2 S.E., "[] every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowman without his consent."
39. "If 'a cause of action' fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. Winnett v. Caterpillar, Inc., 553 F.3rd 1000 (6th Cir. 2009).
40. "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436, 491 (1964).

violates *Mathew 5:25*("settle[41] matters quickly with your adversary who is taking you to court

....[].");  & *5:33*("[], do not break your 'Oath', [] fulfill [] the 'vows' you have made.");  &

*Mathew 6:24-27*("[] exemption");  & *Corinthians 4:2* ("[] Trust/'good faith'") & *4:6*;  & *John

7:24*("[] do not judge by 'general appearances[42]', [] judge correctly") & *15:20*("[] a servant is

not greater than his master") et seq. and the Constitution and laws and treaties of the United

States relative thereto.

51.     If he prevails, Petitioner request fees and costs under the Equal Access to Justice Act

("EAJA"), as amended, 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, as there is no other available means to remedy Petitioner's unlawful

detention since Respondents have elected to act outside the scope of official duties (under color

of authority), said acts being deemed, by law, *'coram non judice'*, rendering the proceedings

(records), judgments and orders[43] null and void[44], and thus, the issue of "availability and

adequacy of remedy in the normal process of appeal" moot; and since the SJC for Suffolk county

and the SJC for the Commonwealth are unwilling to extend their 'Superintendence power' to the

---

41. Ref. Exhibit-"J", 'Notice of Acceptance for Value, Return for Discharge Settlement and Closure' w/International Bill of Exchange No.NW01092023BOE; and per Agreement No.A992022SNA.
42. Is there aid for a 'Widow's son'?
43. 'Mittimus', judgment/order of denial etc.
44. See **'Void Judgment':** (18c) A judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally. * From its inception, a void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree. One source of a void judgment is the 'lack of subject-matter jurisdiction.' **Black's Law, 5th ed. @ p. 436.** See Starbuck v. Murray, 5 Wendell, 156 ("when a court proceeds without authority of the case [or 'subject-matter'], the proceedings and judgments are void, and, therefore, the supposed record is, in truth, no record"). See also The United States v. Arredondo, 10 Peters, Id. 475("Where a court has jurisdiction, it has a right to decide every question that occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding []. But, if it acts without authority, its judgments and orders are regarded as nullities; they are not voidable, but simply void").

"correct[ion] and prevent[ion]' of the "errors and abuses" by Respondents, Petitioner prays this Court grants the following relief:

1.  Assume jurisdiction over this matter;

2.  Issue an order directing Respondents to show cause why the writ should not be granted;

3.  Issue a writ of habeas corpus ordering Respondents to release Petitioner (and his property i.e., cell phone, boots, etc.) upon discharge/termination of the proceedings;

4.  Award Petitioner reasonable costs and fees; and,

5.  Grant any other relief which this Court deems just and proper.

**THEREFORE**, I affirm knowing the pains and penalty of perjury [**28 U.S.C. § 1746(1)**] that the above declarations made by me without the United States federal government, is true, correct, complete and certain, the truth, the whole truth and nothing but the truth, in accordance with my spiritual convictions and creed.

**Dated:** this _28_ day of September, 2023 A.D.

**In Peace and Light.**

I Am _[signature]_ ©1993, In propria persona, sui juris, Indigenous, Free Sovereign Great Seal Moor – of the Taíno-Arawak Tribe; by Birthright and Inheritance; **United States Republic: Department of Justice: Moorish American Credentials AA 222141 – Truth A-1;** Petitioner/Third Party Intervener/Affiant and Auth. Rep. for WALLACE, NICKOYAN

**Attachment(s):**
Exhibits "A" – "K"

RRR#7022 0410 0001 0718 3631

# AFFIDAVIT OF CERTIFICATION
## OF SERVICE/MAILING

I, the undersigned Petitioner, hereby certify by affirmation that on September _28_, 2023, I mailed, via first class mail, a true and correct copy of the foregoing 'Petition for a writ of habeas corpus' to the following Respondents[3]:

Steven W. Tompkins, Sheriff for Suffolk County
Executive Office/Sheriff Department
20 Bradston Street
Boston, MA 02118
(617) 635-1000
RRR#7022 0410 0001 0718 3204

Craig Iannini, Esq., ADA/counsel for Commonwealth (Inc.)
District Attorney's Office
1 Bulfinch Place
Boston, MA 02114
(617) 619-4000
RRR#7022 0410 0001 0718 3198

**THEREFORE**, I affirm knowing the pain and penalty of perjury [**28 U.S.C. § 1746(1)**] that the above declaration made by me without the United States federal government is true, correct, and not meant to mislead; the truth and nothing but the truth in accordance with my spiritual creed and convictions.

I Am

_Szyon I. Nkrumah, El_ ©1993, In propria persona, sui juris, Indigenous, Free Sovereign Great Seal Moor – of the Taino-Arawak Tribe; by Birthright and Inheritance; **United States Republic: Department of Justice: Moorish American Credentials AA 222141 – Truth A-1;** Affiant. In care of "Vills" posting location: 200 Nashua Street, Boston [02114] without recourse, UNTED STATES POST OFFICE, Massachusetts Republic Territory, America. Szyon Nkrumah, Al©1993, "All Rights Reserved," Affiant.

---

**\*Moors: the Indigenous Peoples of North, South and Central Al Morocs (Americas), including the adjoining Islands.**

---

3. Although this petition is just now again being filed with this court, the parties have received a copy since June 22, 2023. For reasons beyond my control my first attempt at filing the 'habeas corpus' petition in June 2023 was hampered during the mailing process.