UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NICKOYAN WALLACE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 23-12325-FDS |
| **STEVEN W. TOMPKINS, et al.,** ) | |
| ) | |
| Respondents. ) | |

**ORDER**

**SAYLOR, C.J.**

Petitioner Nickoyan Wallace, a pretrial detainee currently confined to the Suffolk County Jail, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has not been served pending the court's preliminary review. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled [to the writ], the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Section 2254 cases providing that, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition." For the reasons set forth below, the petition will be dismissed without prejudice.

The petition seeks to challenge the legality of ongoing criminal proceedings in the Massachusetts state courts. It consists primarily of a recounting of events surrounding petitioner's May 29, 2021 arrest and subsequent prosecution, as well as his unsuccessful efforts to have the state-court proceedings dismissed. *Id.* The petition names as respondents the Suffolk

County Sheriff, two state court judges, and two assistant district attorneys.  *Id.* at ¶¶ 5 – 7.[1]
Petitioner describes himself as "an Indigenous, Free and Sovereign Great Seal Moor."  *Id.* at ¶ 4.
Although he is charged with criminal offenses under state law, he argues, in part, that the state
court lacks jurisdiction over him because "he is not a party to any contract or commercial
agreement with Respondents."  *Id.*

Petitioner asserts that his detention violates (1) several constitutional amendments; (2) various federal statutes (including the Truth in Lending Act and the Foreign Sovereign Immunities Act); (3) various treaties (including the Moroccan-American Treaty of Peace and Friendship of 1787); (4) several maxims, doctrines, canons and principles of law; and (5) several scriptural injunctions.  *Id.* at ¶¶ 46 – 50.  He seeks to have this court order "Respondents to release Petitioner (and his property *i.e.*, cell phones, boots, etc.) upon discharge/termination of the proceedings."  *Id.* at 26.

Even construing the petition liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the petition does not set forth a basis for this court to exercise jurisdiction.  Habeas corpus review is available under Section 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Although the petition refers to several constitutional amendments, it fails to identify any facts to suggest a constitutional violation.  To the extent petitioner seeks release based on an alleged violation of the Treaty of Peace and Friendship, that treaty does not provide a jurisdictional basis for habeas relief.  *See Jones-El v. South Carolina*, No. 5:13-cv-01851, 2014 WL 958302, at *8 (D.S.C. March 11, 2014) (rejecting claim based on status as Moorish American and reliance on the

---

[1] Steven Tompkins, Suffolk County Sheriff, is the proper respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action).

Treaty of Peace and Friendship "whether raised under § 2254, § 2241, or by way of a civil complaint").

Furthermore, "[e]xcept in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). And under *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added). Here, there is no reason for this federal court to "needlessly inject" itself in a pending state criminal proceeding.

Accordingly, and for the foregoing reasons, the petition is DISMISSED.

**So Ordered.**

Dated:  October 19, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court